PEOPLE, PLAINTIFF AND APPELLEE, *v.* MARTÍNEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Attempting to Obtain Money under False Pretenses.

No. 1798.—Decided June 29, 1923.

FALSE PRETENSES—FRAUDULENT REPRESENTATIONS.—In the commission of the crime of attempting to obtain money under false pretenses it is not necessary that the false or fraudulent representations should be made to the person who would have been defrauded if the offense had been consummated.

ID.—APPEAL—EVIDENCE—ERROR.—If the record does not contain a copy of a document offered in evidence by the defendant who alleges that its exclusion was erroneous, or such a description of it as to give a definite idea of its relevancy and probative value, the Supreme Court can not decide whether or not its exclusion was error.

ID.—ID.—PRESUMPTION—INTENT.—A judgment of conviction can not be reversed on the theory that if the defendant had been represented by counsel in the court below, some facts, in addition to the mere absurdity of the means employed, might have been developed tending to overcome the legal presumption that a man intends the consequences of his act.

The facts are stated in the opinion.

*Messrs. V. P. Martínez* and *L. Janer Landrón* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was convicted of an attempt to obtain money under false pretenses.

The first assignment specifies the overruling of a motion to dismiss on the ground of alleged irregularity during the investigation made by the grand jury preliminary to the indictment.

As pointed out by the court below in its ruling, the motion was unsworn and unaccompanied by affidavits and no effort was made to substantiate the recitals contained therein. Nevertheless, the district court took the trouble to

examine the stenographic record of the proceedings and file a decision in writing wherein the various questions raised by defendant are discussed and disposed of with citation of authority. The brief for appellant simply refers us, without further argument, to the reasons stated in the motion, and neither the error, if any, committed by the trial judge nor any prejudice resulting therefrom is so apparent as to justify an independent investigation or discussion at this time of the technical points involved.

The second assignment is that the court below erred in overruling a demurrer for want of facts sufficient to constitute a crime. The facts charged are that:

"The aforesaid Víctor P. Martínez, with the intention to defraud Eduardo Méndez of the sum of five thousand dollars ($5,000) on August 12, 1917, in Aguadilla, P. R., within the Judicial District of the same, endorsed to the order of the American Colonial Bank of San Juan for collection and credit to the defendant's current account a check No. 22568 drawn in Aguadilla by Eduardo Méndez on June 22, 1914, in favor of the defendant and against the Banco Comercial de Puerto Rico, Aguadilla Branch, for the sum of five thousand dollars, which check the defendant endorsed as valid and payable, the said defendant knowing that the same was not so payable and valid, inasmuch as the sum therein mentioned had been paid to him by an order against the Banco Comercial de Puerto Rico, Aguadilla Branch, which was drawn subsequently but on the same date as the check, the defendant having sought by the said false pretenses and representations collection by the said American Colonial Bank from the Banco Comercial de Puerto Rico, Aguadilla Branch, the depositary of the funds of Eduardo Méndez, but the collection thereof not having been made due to the notification made by this bank to the drawer of the check, who protested against its validity and right to demand its payment."

The theory of appellant is that the false representations in question could not have deceived Méndez, the intended victim, who knew that the check had been paid because he had paid it. The answer of the *fiscal,* after an outline of

the evidence rather than the facts charged, is that, but for want of sufficient funds to meet the obligation, a circumstance not mentioned in the indictment, Méndez would have learned of the misrepresentations after payment had been made. The argument of appellant, of course, assumes that the false representations must be made to the person defrauded, while that of the *fiscal*, likewise without argument or citation of authority, plainly involves the contrary hypothesis.

Our statute, however, refers to "every person who knowingly and designedly, by false or fraudulent representation or pretenses, defrauds any other person of money or property." Obviously it does not say that the false or fraudulent representation must be made to the person defrauded, and the decided weight of authority seems to sustain the proposition that under such a provision it is not necessary, in order to sustain a conviction, that such representation be so made. *Commonwealth of Ky.* v. *Johnson*, L. R. A. 1916 D, 267, note and cases cited.

The fourteenth and fifteenth assignments go to the exclusion of certain documentary evidence offered by defendant.

Here also the matter is not discussed at all in the brief for the government, and appellant, in his brief, without argument or even reference to page. or any particular portion of the record, simply relies upon the reasons given at the time of the ruling.

In a so-called bill of exceptions we find the following:

"12.—When the defendant offered in evidence a duly authorized copy of deed No. 134 of acquittance and total cancellation, executed on August 13, 1919, before notary Arturo Reichard del Valle by Antonio Sagardía y Torrens as the judicial administrator (*de facto*) of the estate of Víctor Martínez y Martínez, of the mortgage credit set forth in the said contract of promise of sale recorded in the registry of property in the name of defendant Víctor P. Martínez y González, for the purpose of refuting the charges

imputed by The People and the prosecuting witness as to the alleged criminal intention that the prosecuting witness did not have any deeds with which to establish such deliveries of moneys, The People of Porto Rico objected to its admission, the court sustained the objection and the defendant took an exception on the foregoing grounds.

"13.—When the defendant offered in evidence a certificate of the registrar of property for this district, Joaquín Martínez Cintrón, of February 3, 1921, showing the entry made of the aforesaid deed of acquittance and total cancellation and that the mortgage credit in favor of the defendant had been previously recorded in the registry of property of this district, and that the said record was made while this case was being prosecuted by the representative of The People of Porto Rico, attorney Acosta y Acosta, The People objected to its admission, the court sustained the objection and the defendant excepted on the foregoing grounds."

In the absence of the excluded documents or any more definite idea of their contents, relevancy and probative value, or of the grounds on which the objection thereto was made and sustained by the court, than is to be gathered from the foregoing extract, we are unable to say that the court below erred in refusing to admit the evidence.

Eighteen of the twenty-one assignments contained in the brief were practically abandoned by counsel for defendant at the hearing. The three questions submitted in oral argument as worthy of consideration, and an extra, have been already disposed of. The others do not demand serious consideration.

The "Bill of Exceptions" recites that on tender of the check #22568, "the property of defendant," mentioned in the indictment, defendant objected because the same "had not been brought through legal procedure, because it had been previously claimed and (delivery thereof) refused by the court, had not been duly authenticated, and because the property of defendant could not be adduced against him." Another document was objected to because it was not duly authenticated and showed "co-ownership." The order men-

tioned in the indictment was objected to on the ground that it was "self-serving" as to the prosecuting witness Méndez, had no connection with the check and was not duly authenticated. Another check was objected to as having no probative value against defendant but only against the bank, no connection with check #22568 and not being duly authenticated.

Again appellant says in his brief that in February, 1918, the District Court of San Juan dismissed an information, without ordering the filing of a new one; that a judgment of conviction in the same court on a subsequent information was reversed by this court in June, 1919, without ordering a new trial; that in April, 1920, on certiorari No. 280, *Martínez* v. *Orosas,* this court quashed another information without ordering a new one; and that in July of the same year another information was quashed by this court. All of these matters are earnestly urged as former jeopardy. Aside from anything that might be said with reference to the manner in which this aspect of the case was presented below, the contention now made utterly ignores all question as to the time when jeopardy attaches, the necessary elements of the doctrine and the effect of waiver or estoppel. Another persistent idea, apparently growing out of an equally hopeless confusion in the interpretation of the statutory provisions as to felony and misdemeanor and the punishment of attempts to commit crime, is that the action is barred. The brief also contains a long disquisition on the question of title to checks and other negotiable instruments and the respective rights of defendant and the prosecuting witness under the Civil Code and Code of Commerce, with copious citation of authority, including the Supreme Court of Vienna and the British House of Lords.

We have referred to these matters merely by way of illustration and introduction to what follows.

The remarkable facility with which this defendant seems

to accumulate legal and moral obligations, at times perhaps the unanticipated though logical outcome of some distorted concept of the right of self-defense, and a total incapacity to cope with the situations so created, may suffice to justify a few words in conclusion that ordinarily would be somewhat out of place in a judicial opinion.

Appellant apparently conducted his own case in the court below and prepared the brief on appeal, although a brother attorney appeared at the hearing and made the most of a bad case as he found it. We have had occasion heretofore to admonish appellant as to the unwisdom of such a course, but the suggestion seems to have shared the fate that so frequently awaits well meant but unsought advice.

Otherwise it is quite conceivable that a different verdict might have been obtained, or else at least some meritorious question might have been saved upon the record and presented for consideration on appeal. In this respect the case is typical of a situation the frequent recurrence of which throughout the history of litigation to which appellant has been a party has not escaped our attention. The penalties incurred, if viewed only from this angle have been heavy; but heretofore, as now, the victim of his own misguided activities has not been accessible to judicial assistance.

The case at bar differs from the civil actions above mentioned, however, in that no actual loss or serious injury has been inflicted upon others; and it may be that the experience, covering a period of six years, already derived from the present proceeding would suffice to discourage a repetition of the offence without the added humiliation of a term in jail. All things considered, it seems only fair to mention these matters for what they are worth in view of the possibility that appellant might desire to apply for executive clemency.

We cannot, of course, reverse a judgment upon the theory that, if defendant had been represented by counsel

in the court below, some facts, in addition to the mere absurdity of the means employed, might have been developed tending to overcome the legal presumption that a man intends to do what he does.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justice Aldrey concurred.

Justices Wolf and Franco Soto took no part in the decision of this case.